[THE STATE, EX REL.] NOGA ET AL., APPELLEES, *v.* MASHETER, DIR., APPELLANT.

[Cite as State, ex rel. Noga, v. Masheter (1975), 42 Ohio St. 2d 471.]

(No. 74-826—Decided June 25, 1975.)

472

*Mr. John A. Leopardi* and *Mr. Joseph D. Karam,* for appellees.

*Mr. William J. Brown,* attorney general, *Mr. Donald J. Guittar* and *Mr. Charles S. Wittenberg,* for appellant.

*Per Curiam.* Appellant, Director of Highways, argues that there was not such an interference with appellees' right of access to a public highway as to be a compensable taking, and that the alteration and improvement of existing Route 422 on property which is subject to a perpetual easement for highway purposes is not an added burden on that property for which compensation must be awarded.

In this case, the easement continues to be used for the same purposes for which the state acquired it in 1947. Progress and the increased use of motor vehicles have made it necessary that Route 422 be improved for the convenience and safety of the travelling public. The improvement was made entirely within the right of way originally acquired by the state and there was no substantial interference with, or added burden on, appellees' property.

The property owners contend that the elimination of their direct access to Route 422 "has created a substantial impairment of ingress and egress which constitutes a compensable taking."

*State, ex rel. Merritt,* v. *Linzell* (1955), 163 Ohio St.

97, involved the abandonment of a portion of U. S. highway on which relators' commercially-used property abutted and the relocation of that part of the highway. Access to the new highway was afforded relators and their customers only by access lanes to and from the old highway. Relators claimed that their property had, in effect, been taken and that they were entitled to compensation. This court held, however, that "mere circuity of travel, necessarily and newly created, to and from real property, does not of itself result in legal impairment of the right of ingress and egress. * * * "

See, also, *Richley* v. *Jones* (1974), 38 Ohio St. 2d 64.

In denying appellees a writ of mandamus, the Court of Common Pleas correctly held that there was no taking of appellees' property.

Accordingly, the judgment of the Court of Appeals, which reversed the judgment of the Court of Common Pleas, is reversed.

*Judgment reversed.*

O'NEILL, C. J., HERBERT, CORRIGAN, STERN, CELEBREZZE, W. BROWN and P. BROWN, JJ., concur .