**WEST, d.b.a. Al's Guns & Archery**

v.

**OHIO DEPARTMENT OF TRANSPORTATION.**

Court of Claims of Ohio.

No. 99–13568.

Decided Jan. 9, 2001.

*Allen West,* pro se.

*Betty D. Montgomery,* Attorney General, and *Michael J. Valentine,* Assistant Attorney General, for defendant.

FRED J. SHOEMAKER, Judge.

On December 22, 2000, a non-oral hearing was held upon defendant's November 22, 2000 motion for summary judgment. Plaintiff did not file a response to the motion.

Civ.R. 56(C) provides, in relevant part:

"The motion shall be served at least fourteen days before the time fixed for hearing. The adverse party, prior to the day of hearing, may serve and file opposing affidavits. Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor."

It is not disputed that plaintiff, Allen West, is the owner of a business known as Al's Guns & Archery located at 9189 East Pike Road, Norwich, Ohio; that the entrance to said business is located just west of a bridge on State Route 40 approximately one mile east of Exit 164 on Interstate 70; that the subject bridge was closed for repairs from May 5, 1999 until August 20, 1999; and that plaintiff's customers traveling westbound on State Route 40 could not access plaintiff's business entrance due to the bridge closure. Plaintiff alleges that defendant's actions in closing the bridge and limiting access to his property amounts to a tortious interference with his business, entitling him to damages in the form of lost profits.

This court has consistently held that a business person does not have a cause of action merely because the Ohio Department of Transportation causes a road to be closed, which in turn makes it more difficult for patrons to have access to the business establishment. See, e.g., *Noble v. Ohio Dept. of Transp.* (Mar. 20, 1990), Court of Claims No. 90–01427, unreported; *Dibble v. Ohio Dept. of Transp.* (Sept. 26, 1998), Court of Claims No. 89–09134, unreported.

In *Bowles v. Ohio Dept. of Transp.* (1993), 63 Ohio Misc.2d 373, 376, 629 N.E.2d 1130, 1131–1132, this court held that in order for a business owner to recover from the state for interference with the right of ingress and egress, the business owner must prove by a preponderance of the evidence that there was substantial,

material, and unreasonable interference, amounting to an absolute cutting off of access to the property.

In support of its motion for summary judgment, defendant submitted the affidavit of District 5 Area Engineer, Steve Smith, who stated that he was familiar with the bridge rehabilitation project at issue; that the bridge was closed from May 25, 1999 to August 20, 1999; and that plaintiff's business was accessible to customers traveling eastbound on State Route 40 from the west side of the bridge throughout the project. Although plaintiff submitted several unauthenticated photographs of the construction project, and an unsworn statement from his accountant estimating plaintiff's business losses, plaintiff did not submit any evidence to rebut Smith's statement regarding continued access from eastbound State Route 40.

Based on the undisputed evidence, the court finds, that reasonable minds can come to but one conclusion: there was not substantial, material, and unreasonable interference with plaintiff's right of ingress and egress, amounting to an absolute cutting off of access to plaintiff's business. Accordingly, there are no genuine issues of material fact, and defendant is entitled to judgment as a matter of law.

Defendant's motion for summary judgment is hereby granted, and judgment is rendered in favor of defendant. Court costs are assessed against plaintiff. The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

*Judgment for defendant.*

FRED J. SHOEMAKER, J., retired, of the Franklin County Court of Common Pleas, sitting by assignment.