OPINION JUDGMENT ENTRY
{¶ 1} This is an appeal by Plaintiff-Appellant Giuseppe A. Pingue from the September 26, 2003, decision of the Delaware County Court of Common Pleas.
{¶ 2} Appellee in this appeal is N.P. Limited Partnership
 STATEMENT OF THE FACTS AND CASE
{¶ 3} This case began as a R.C. Chapter 5563 appeal to contest a road alteration authorized by the Delaware County Commissioners or in the alternative to recover compensation for damages resulting from the alteration should it be allowed to go forward.
{¶ 4} The Delaware County Commissioners by Resolution had deemed it necessary to convert to fill and grass a portion of the north lane of a roadway re-designated as Olde Worthington Road (County Road 13). Such road abutted a three-acre parcel owned by Appellant. The changes in the roadway were involved with the Polaris shopping center development. No portion of Appellant's property was actually taken although his property description goes to the center of the road but is subject to the roadway rights. No existing driveways were taken and ingress and egress to Appellant's property was not acquired.
{¶ 5} The land owned by Appellant was also involved in companion lawsuits.
{¶ 6} In 1992, the City of Columbus filed an appropriation action as to Appellant's land (0.3175 acres). Such action was settled by Columbus and Appellant on January 21, 1993.
{¶ 7} On June 8, 1998, the City of Westerville filed Case No. 98CVH-06-192 to appropriate a portion of Appellant's tract. Such action was also settled.
{¶ 8} This case was initially scheduled for a jury trial on June 18, 1992 before a visiting judge. However, on June 4, 1992, the Delaware County Prosecutor filed a Motion for Summary Judgment, and as a result, the trial did not go forward.
{¶ 9} The case basically remained inactive until 1995 when Appellee N.P. Limited Partnership intervened and filed a Motion to Dismiss for want of prosecution.
{¶ 10} On April 24, 1996, Appellant Pingue filed a Memorandum Contra to the Motion to Dismiss.
{¶ 11} On June 10, 1996, Appellant filed a Memorandum Contra to the 1992 Motion for Summary Judgment, with leave of court.
{¶ 12} The case again appears to have become inactive until 2003 when W. Duncan Whitney became Judge of the Delaware Court of Common Pleas and scheduled a status conference in this matter.
{¶ 13} A hearing was held on August 28, 2003, before Judge Roger B. Wilson, which resulted in the following rulings being made from the bench:
{¶ 14} "Upon due consideration of the Motions before the Court, and oral argument of counsel, the Court hereby declines to dismiss this case for want of prosecution for the reasons set forth on the record.
{¶ 15} "The Court hereby SUSTAINS the pending Motion for Summary Judgment finding there are no material issues of fact precluding Judgment for Defendants-Appellees. The Court finds the appropriation proceedings have mooted the issues in this case. Accordingly, the Court concludes there was no taking by the Defendant Delaware County Board of Commissioners.
{¶ 16} "Further, the Court finds, as to the corollary case number 91 CVH-08-224, the pending matters in the case sub judice dispose of any remaining issues in case number 91 CVH-08-224 which the Court will dismiss."
{¶ 17} It is from the court's summary judgment decision Appellant appeals, assigning the following errors for review:
 ASSIGNMENTS OF ERROR
{¶ 18} "I. The trial court erred in concluding there was no genuine issues of material fact and that appellee was entitled to judgment as a matter of law with respect to the taking of appellant's frontage by relocation of a portion of worthington road.
{¶ 19} "II. The trial court erred factually and as a matter of law in holding that subsequent actions by the city of columbus mooted appellant's cause of action."
{¶ 20} Summary Judgment Standard
{¶ 21} "Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Smiddy v. The Wedding Party, Inc. (1987),30 Ohio St.3d 35, 36, 506 N.E.2d 212. As such, we must refer to Civ.R. 56 which provides, in pertinent part:
{¶ 22} "* * * Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * * A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in the party's favor. * * *" { ¶ 23} Pursuant to the above rule, a trial court may not enter summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates the non-moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. Vahila v. Hall, 77 Ohio St.3d 421, 429, 1997-Ohio-259, citingDresher v. Burt (1996), 75 Ohio St.3d 280, 662 N.E.2d 264.
{¶ 24} It is based upon this standard that we review appellant's assignments of error.
 I., II.
{¶ 25} As both assignments challenge the trial court's summary judgment ruling, we will address such simultaneously.
{¶ 26} In his response to the Motion for Summary Judgment, Appellant attempted to draw a distinction as to compensation and damages under R.C. Chapter 5563 and those appropriations commenced under R.C. Chapter 163 as the former refers to "compensation or damages". In support of this conclusion and the assumed intent of the legislature, Appellant relies on the languages of Norwood V. Forest Converting Co. (1984),16 Ohio App.3d 411, which stated:
{¶ 27} "Compensable `taking' can occur as result of government interference with property owner's access to his land even though following governmental action, property owner has not been denied all access to land in question. U.S.C.A. Const. Amend. 5; Const. Art. 1 § 19.
{¶ 28} As to Appellant's land in question, we fail to find such reasoning applicable.
{¶ 29} The Court in such case clearly applied "compensation" to the actual taking and "damages" to the effect on the residue remaining.
{¶ 30} We therefore must address whether a "compensable taking" occurred before we can address damages to the residue. The Ohio Supreme Court has provided guidance in this determination in several cases. There would be no question as to compensation and damages to the residue if ingress and egress were substantially affected.
{¶ 31} In State, ex rel OTR v. City of Columbus (1996),76 Ohio St.3d 203, the Ohio Supreme Court held:
{¶ 32} "To establish a `taking' such as will require compensation under United States and Ohio Constitutions, property owner must demonstrate substantial or unreasonable interference with a property right. U.S.C.A. Const. Amend. 5; Const. Art. 1, § 19."
{¶ 33} This ruling, however, does not alter the existing law stated inState ex rel. Merritt v. Linzel, Director (1955), 163 Ohio St. 97:
{¶ 34} "Mere circuity of travel, necessarily and newly created, to and from realty does not of itself result in legal impairment of right of ingress and egress to and from realty, and, where portion of highway is relocated, and realty abutting an old highway does not abut on relocated portion, and owner has same means of ingress and egress to and from such realty, there is no legal impairment of such right.
{¶ 35} "Owner of realty abutting on highway has no property right in continuation or maintenance of flow of traffic past his realty, and diversion of traffic as result of improvement on highway or construction of alternate highway is not an impairment of a property right of such owner, for which damages may be awarded."
{¶ 36} Such latter holding was cited in Noga v. Masheter, Dir.
(1975), 42 Ohio St.2d 471, a case which is similar to that sub judice, in stating that no taking occurred:
{¶ 37} ". . . where the improvements which resulted in elimination of the direct access to the highway occurred wholly within the state's previously owned right-of-way."
{¶ 38} Based upon the above references to the Ohio Supreme Court decisions and the materials before the Court, including those of the related appropriation actions which the court considered, we determine that no compensable taking occurred which would result in compensation.
{¶ 39} Appellant's first and second assignments of error are overruled.
{¶ 40} Accordingly, the judgment of the Delaware County Court of Common Pleas is affirmed at Appellant's costs.
Boggins, J., Farmer, P.J. and Hoffman, J. concurs.