OPINION
{¶ 1} Plaintiff-appellant, Salvation Army ("appellant"), appeals from the September 24, 2004, judgment entry of the Court of Claims of Ohio, which granted the motion of defendant-appellee, the Ohio Department of Transportation ("appellee"), for summary judgment. For the reasons that follow, we affirm that judgment.
 {¶ 2} Appellant is a non-profit organization that owns real property known as 4360 Route 32, Batavia, Ohio ("the property"), located in Clermont County, Ohio. Since 1989, appellant has operated a retail sales store ("the store") on the property, and claims it chose that location because of its proximity to State Route 32. Although the property abuts Route 32, at no time did appellant have direct access to State Route 32. Rather, appellant had direct access only to Winding Creek Road, which intersected State Route 32.
 {¶ 3} Prior to October 2002, one way customers could access appellant's store was by exiting State Route 32 at the Winding Creek Road exit. Given that the entrance to the store is located on Winding Creek Road, the foregoing was the most direct route from State Route 32. In October 2002, however, appellee closed Winding Creek Road, making it into a cul de sac, as part of the Olive Branch Stonelick Interchange Project ("the project" or "the closure"), thereby eliminating traffic between State Route 32 and Winding Creek Road.
 {¶ 4} Following the closure, access to appellant's store is still available from State Route 32 via the following two routes, albeit not as direct as that described above: (1) exit State Route 32 at the Olive Branch Stonelick Road exit, then turn right onto Olive Branch Stonelick Road, and then left onto Winding Creek Road; or (2) exit State Route 32 at Old Route 74 south, turn left onto Olive Branch Stonelick Road, and then turn left onto Winding Creek Road. Both routes entail customers traveling "a circuitous one and onequarter (1.25) miles." (Appellant's Brief at 2.) Appellant's store is not visible from either of those routes. As a result of the closure, appellant claims that sales have declined, the total number of customers has decreased, and the number of drive-by, impulse shoppers has been completely eliminated.
 {¶ 5} On April 2, 2004, appellant filed the instant action seeking compensatory damages and a writ of mandamus. Appellee moved to dismiss appellant's complaint on the basis that the Court of Claims of Ohio lacked subject matter jurisdiction. In a judgment entry dated June 1, 2004, the court held that it was without jurisdiction to issue a writ of mandamus, and therefore, dismissed that portion of appellant's complaint. On July 15, 2004, appellee moved for summary judgment, which was granted on September 24, 2004.
 {¶ 6} Appellant appeals, assigning the following assignment of error:
The court of claims erred in applying Bowles v. Ohio Department ofTransportation (1993), 63 ohio misc.2d 373, which requires a business to prove "an absolute cutting off of access" to the business to withstand a motion for summary judgment.
 {¶ 7} Appellant contends that summary judgment was improperly granted. Civ.R. 56(C) states that summary judgment shall be rendered forthwith if "* * * the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * *"
 {¶ 8} Accordingly, summary judgment is appropriate only where: (1) no genuine issue of material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party. Tokles Son, Inc. v. Midwestern Indemn. Co. (1992),65 Ohio St.3d 621, 629, citing Harless v. Willis Day Warehousing Co.
(1978), 54 Ohio St.2d 64, 65-66. "[T]he moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record * * * which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim." Dresher v. Burt (1996), 75 Ohio St.3d 280, 292. Once the moving party meets its initial burden, the nonmovant must then produce competent evidence showing that there is a genuine issue for trial. Id. Summary judgment is a procedural device to terminate litigation, so it must be awarded cautiously with any doubts resolved in favor of the nonmoving party. Murphy v. Reynoldsburg (1992), 65 Ohio St.3d 356, 358-359.
 {¶ 9} Appellate review of summary judgments is de novo. Koos v. Cent.Ohio Cellular, Inc. (1994), 94 Ohio App.3d 579, 588; MidwestSpecialties, Inc. v. Firestone Tire Rubber Co. (1988),42 Ohio App.3d 6, 8. We stand in the shoes of the trial court and conduct an independent review of the record. As such, we must affirm the trial court's judgment if any of the grounds raised by the movant at the trial court are found to support it, even if the trial court failed to consider those grounds. See Dresher; supra; Coventry Twp. v. Ecker
(1995), 101 Ohio App.3d 38, 41-42.
 {¶ 10} Appellant contends that the Court of Claims erred by relying exclusively on Bowles v. Ohio Dep't of Transp. (1993), 63 Ohio Misc.2d 373, given the factual dissimilarities between Bowles and the case sub judice. In addition to the factual dissimilarities, appellant also argues that it was not required to prove "an absolute cutting off of access" to its property in order to demonstrate a taking, but rather, it was only required to show substantial or unreasonable interference. Thus, according to appellant, the Court of Claims employed the wrong standard to determine whether there was a taking.
 {¶ 11} In Bowles v. Ohio Dep't of Transp. (June 28, 1990), Franklin App. No. 89-AP-1426, appeal dismissed (1991), 62 Ohio St.3d 1202, the plaintiffs owned property and operated businesses on East Fifth Avenue in Columbus, Ohio. The Ohio Department of Transportation ("ODOT") closed East Fifth Avenue at Nelson Road in October 1986, due to the construction of Interstate I-670. In January 1987, ODOT closed East Fifth Avenue at Stelzer Road due to falling concrete. Plaintiffs asserted that until May 1988, when construction was completed, the two road closures "blocked access" and "made access to plaintiffs' businesses virtually impossible from certain areas." Id. Thus, plaintiffs filed an action for damages, alleging deprivation of property and violation of their constitutional rights. ODOT filed a motion for judgment on the pleadings, arguing that there was no governmental taking because alternate routes were available to plaintiffs' businesses. The Court of Claims granted ODOT's motion, and we reversed. We held that plaintiffs' allegations that the road closures "blocked access" and "made access to plaintiffs' businesses virtually impossible from certain areas" was "sufficient to prevent a motion for judgment on the pleadings in favor of [ODOT] and which would thereby allow plaintiffs to prove that there was an absolute cutting off of access to their businesses for which plaintiffs may be entitled to compensation." Id. On remand, the Court of Claims held a trial on the issue of liability, and ultimately found in favor of ODOT. Bowles,
supra. It explained that because "alternate circuitous routes were available to access plaintiffs' businesses," there was no "absolute cutting off of access" to plaintiffs' property, and as such, the road closures did not create a substantial interference that rose to the level of a taking.
 {¶ 12} Appellant's argument that the Court of Claims herein applied the wrong standard in determining whether a taking occurred, demonstrates a somewhat flawed understanding of Bowles. The Court of Claims in Bowles
expressly stated the road closures did not create substantial interference with plaintiffs' properties due to the fact alternate routes were available to plaintiffs' properties. The "absolute cutting of access" language found in Bowles had its genesis in this court's opinion reversing judgment in favor of ODOT. The Bowles plaintiffs stated in their complaint that the road closures "blocked access" to their properties, which we paraphrased as "an absolute cutting off of access." Thus, we stated that plaintiffs would have to prove "an absolute cutting off of access" to be entitled to compensation because that is what they plead in their Complaint. Therefore, neither we, nor the Court of Claims, articulated an additional requirement ("an absolute cutting off of access"), separate and apart from the substantial or unreasonable interference standard. Rather, Bowles construed "an absolute cutting off of access" to property as being substantial interference.
 {¶ 13} Since Bowles, the Court of Claims decided the case of West v.Ohio Dep't of Transp. (2001), 112 Ohio Misc.2d 10. In West, a bridge was closed for repairs, thereby preventing westbound traffic from accessing the store owner's business. ODOT submitted the affidavit of an area engineer that stated the business was still accessible to customers traveling eastbound from the west side of the bridge throughout the bridge closure. The Court of Claims opined that it has consistently "held that a business person does not have a cause of action merely because the Ohio Department of Transportation causes a road to be closed, which in turn makes it more difficult for patrons to have access to the business establishment." Id. at 11, citing Noble v. Ohio Dep't of Transp. (Mar. 20, 1990), Court of Claims No. 90-01427; Dibble v. Ohio Dep't of Transp.
(Sept. 26, 1998), Court of Claims No. 89-09134. Given the alternate route that could be traveled to access the store owner's property, the court determined that "there was not substantial, material, and unreasonable interference with plaintiff's right of ingress and egress, amounting to an absolute cutting off of access to plaintiff's business." Id. at 12.
 {¶ 14} Similarly, other courts have held that there is no compensable taking where there exists at least one additional way to access the property. See, e.g., Wray v. Fitch (1994), 95 Ohio App.3d 249, 252-253
("there is no compensable taking of the right to access as long as there is some available right of way to the property, albeit circuitous in nature."), citing State ex rel. Morris v. City of Chillicothe (Oct. 2, 1991), Ross App. No. 1720 ("Authorities are clear that there has been no compensable taking of an access right to property as long as there is some available right of way to the property, albeit circuitous in nature."), citing Knepper Frye, Ohio Eminent Domain Practice (1977), 161-163, Section 6.05. See, also, Barjul Realty, Inc. v. Joy Stores,Inc. (Dec. 14, 1977), Butler App. No. CA76-02-0008 (taking occurred when vehicular access past the store frontage was not merely diverted, but eliminated altogether, and only pedestrian customers could access store).
 {¶ 15} The gravamen of appellant's argument is that the project substantially interfered with its property right when it completely eliminated its access to State Route 32, thereby requiring customers to travel an additional, circuitous 1.25 miles to reach appellant's store. In other words, the closure of Winding Creek Road from State Route 32 has made it less convenient for customers to access appellant's store. Thus, the issue presented is whether the additional, circuitous 1.25 miles of travel constitutes substantial interference.
 {¶ 16} It is true that among the appurtenances to ownership of land is a right of access to public streets on which the land abuts. State exrel. McKay v. Kauer (1951), 156 Ohio St. 347, 351; State ex rel.Schiederer v. Preston (1960), 170 Ohio St. 542, 544. Thus, a property owner whose property abuts a street or highway has a right of ingress and egress, which cannot be taken away without compensation. State ex rel.Merritt v. Linzell (1955), 163 Ohio St. 97, paragraph one of the syllabus. However, an abutting property owner's right of access is generally subordinate to the public's right to use or improve a public street. Schiederer, supra. Further, proof that property has been damaged, or rendered less desirable as a result of governmental activity, does not in itself constitute a taking so as to entitle a property owner to compensation. Morris, supra. "The test of whether this right of access is so impaired as to require compensation is whether there is a substantial, material or unreasonable interference with an owner's or public's access to his property." The State of Ohio, ex rel.BB Co. v. The City of Toledo (Mar.19, 1982), Lucas App. No. L-81-309, citing In Appropriation Preston v. Weiler (1962), 118 Ohio App. 305, reversed on other grounds (1963), 175 Ohio St. 107; State ex rel.Cincinnati Garage Co. v. Bird (1970), 25 Ohio Misc. 69. See, also,Schiederer, supra, at 545; State ex rel. Pitz v. Columbus (1988),56 Ohio App.3d 37; Castrataro v. Lyndhurst (Aug. 27, 1992), Cuyahoga App. No. 60901. "`Substantial interference' occurs when an owner is `prevented from enjoying the continued use to which the property had been previously devoted.'" Wray, supra, at 252, quoting Morris, supra, citingPitz, supra.
 {¶ 17} It is also well-established that merely rendering access less convenient or more circuitous does not by itself constitute "substantial interference." This principle was first articulated in Merritt, supra. InMerritt, the state abandoned a portion of highway on which relators' commercially-used property abutted, and relocated that part of the highway. Access to the new highway was afforded to relators and their customers only by access lanes to and from the old highway. Relators claimed that their property had, in effect, been taken, and as a result, they were entitled to compensation. The Supreme Court of Ohio held that there was no compensable taking, and opined that "[m]ere circuity of travel, necessarily and newly created, to and from real property does not of itself result in legal impairment of the right of ingress and egress to and from such property, where any resulting interference is but an inconvenience shared in common with the general public and is necessary in the public interest to make travel safer and more efficient." Id., paragraph two of the syllabus. See, also, State ex rel. Noga v. Masheter
(1975), 42 Ohio St.2d 471; Richley v. Jones (1974), 38 Ohio St.2d 64; NewWay Laundry, Inc. v. Toledo (1960), 171 Ohio St. 242; City of Hilliard,Ohio v. First Industrial, L.P. (2004), 158 Ohio App.3d 792; Wray v.Fitch (June 15, 1994), Lorain App. No. 93CA005701; State ex rel. PharmedCorp. v. Smith (June 30, 1988), Franklin App. No. 88AP-39.
 {¶ 18} As applied herein, based on the "circuity of travel" principle espoused in Merritt, which incidentally, was relied upon by the Court of Claims in Bowles, we cannot say that the project substantially interfered with appellant's property rights. Indeed, appellant still has access to State Route 32 via two alternate routes, albeit in a more circuitous fashion. Neither of those preexisting means of access were taken away by the closure of Winding Creek Road. Likewise, the closure did not affect appellant's ability to operate its store. Additionally, appellee maintains that the closure was necessary for the public safety. Therefore, we find that the closure, which resulted in 1.25 miles of circuitous travel, did not substantially interfere with appellant's property rights.
 {¶ 19} At least one other Ohio court has determined that an additional 1.25 miles is not considered substantial interference. In Smith v.Joseph (Jan. 24, 1986), Wood County App. No. WD-85-40, Smith owned a parcel of land located at the northeast corner of the intersection of Interstate 280 and Hanley Road in Clermont County, Ohio. Thereon, Smith operated a motel and restaurant. To access his motel and restaurant, customers traveling either northbound or southbound could exit on Hanley Road and immediately enter the premises of Smith's businesses. The state's project at issue was the elimination of the Hanley Road intersection, which closed Hanley Road at Interstate 280 thereby making that portion of Hanley Road upon which Smith's property abutted, into a cul-de-sac. Thus, after the project, customers could still exit Interstate 280 but would have to take a connecting road to Hanley Road, resulting in an additional 1.25 to 1.50 miles of travel to reach Smith's motel and restaurant. Smith argued, as appellant does here, "that since potential customers traveling on Interstate 280 would have to drive an extra mile and a quarter to a mile and a half in order to reach his motel," he suffered a loss in the value of his property. In rejecting that argument, the court of appeals explained:
Appellant argues that since potential customers traveling on Interstate 280 would have to drive an extra mile and a quarter to a mile and a half in order to reach his motel, the residue of his property will suffer a loss in value. This may in reality be true, however, the Supreme Court of Ohio has consistently held that "mere circuity of travel, necessarily and newly created, to and from real property, does not itself result in the legal impairment of the right of ingress and egress to and from such property, * * *. State, ex. rel Merritt, v. Linzell (1955), 163 Ohio St. 97,102. See, also, State, ex rel. Noga v. Masheter (1975), 42 Ohio St. 2d 471;New Way Family Laundry, Inc. v. City of Toledo (1960), 171 Ohio St. 242. Since there is no legal interference with appellant's right of ingress and egress from his property due to the newly created "circuity of travel" to and from his property in the case sub judice, the residue of his land has not been "damaged."
Id, at *6.
 {¶ 20} To distinguish Merritt and its progeny, appellant contends that the closure of Winding Creek Road to Route 32 is not an inconvenience shared in common with the general public by virtue of the fact "[n]o other businesses were affected, as no other businesses are located on Winding Creek Boulevard." (Appellant's Brief at 4.) We, however, disagree. The elimination of the right hand turn lane from State Route 32 onto Winding Creek Road affects the general public. For example, the general public can no longer use Winding Creek Road as a cut through to other roads, which are depicted on the map attached as "exhibit 2" to the affidavit of Major Larry See. Thus, we agree with appellee's statement that "[c]hanging an intersection of two public roads is clearly a matter shared by the general public and is necessary in the public interest to make travel safer and more efficient." (Appellee's Brief at 4.)
 {¶ 21} Appellant also argues that this case is more analogous to Stateex rel. OTR v. City of Columbus (1996), 76 Ohio St.3d 203, which found a governmental taking, as opposed to Merritt. The dispositive factor inOTR was that the construction project at issue "completely eliminated appellants' rights to access the abutting public road (Campus View Boulevard), resulting in continued circuity of travel within appellants'properties, and not circuity of travel to and from the abutting properties." Id. at 210 (Emphasis added). In fact, the court concluded its opinion by stating "[t]his is not a case which merely creates circuity of travel to and from appellants' properties." Id. at 211. Such is not the case here, and that difference is key. Given that this case does not involve circuity of travel within appellant's property, but rather, circuity of travel to and from appellant's property, appellant's reliance upon OTR is misplaced. See, also, City of Hilliard, supra, at 797 ("Circuity of travel to and from real property is not compensable. However, circuity of travel within one's own property is compensable.") (Citations omitted.)
 {¶ 22} Based on the foregoing, we find that the elimination of the right turn only lane located at the intersection of Winding Creek Road and State Route 32 did not substantially or unreasonably interfere with appellant's property rights, and therefore, appellant has not demonstrated a compensable taking. Given that finding, we conclude that there is no genuine issue of material fact, and that appellee is entitled to judgment as a matter of law. Thus, appellant's sole assignment of error is overruled. Accordingly, the judgment of the Court of Claims of Ohio is affirmed.
Judgment affirmed.
Sadler Deshler, JJ., concur.
Deshler, J., retired of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.