OPINION
{¶ 1} Relators-appellants, Farah and Nassar Habash, appeal the decision of the Butler County Court of Common Pleas, granting summary judgment in favor of the Respondent-appellee, the city of Middletown, Ohio, and denying relators' motion for summary judgment. We affirm the trial court's decision.
 {¶ 2} Appellants are the owners of the property located at 2086 Cincinnati-Dayton Road, Middletown, Ohio, and operate a grocery store known as PG Food Mart ("PG") located on that property. Appellee, in conjunction with the Ohio Department of Transportation, has undertaken a project to widen a portion of Cincinnati-Dayton Road ("Cin-Day Rd.") to accommodate an increase in traffic.
 {¶ 3} The lot appellants own has approximately 65 feet of frontage along Cin-Day Rd. At the point where Cin-Day Rd. abuts appellants' property, there is an apron that is graded to street level. In the pre-widening scenario, the apron allows for a smooth transition for drivers traveling to appellants' property from Cin-Day Rd. and vice versa. Beyond the apron are eight parking stalls that are perpendicular to Cin-Day Rd., which are the only stalls where appellants' customers can park when entering from Cin-Day Rd. Appellants' property and the building located on it extend almost to the property line such that vehicles cannot enter the property via Cin-Day Rd. and circle to the rear of the property without trespassing upon the lots of abutting land owners.
 {¶ 4} Appellee's public improvement includes: (1) eliminating the apron that spans the entire length of appellant's lot along Cin-Day Rd.; (2) constructing a curb that runs along appellants' frontage; and (3) constructing two 15-foot aprons to sustain traffic to and from appellants' property.
 {¶ 5} On March 4, 2004, appellants filed a complaint for a writ of mandamus, seeking a writ compelling appellee to begin appropriation proceedings for the taking of appellants' property. Appellants responded, opposing appellee's motion, and filing their own motion for summary judgment. On March 15, 2005, the trial court issued its decision granting appellee's motion for summary judgment and denying appellants' motion. Appellants appeal the trial court's decision raising two assignments of error. Appellants' assignments of error are related, so we will discuss them together.
 {¶ 6} Assignment of Error No. 1:
 {¶ 7} "THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANTS IN GRANTING SUMMARY JUDGMENT TO APPELLEE BECAUSE APPELLANTS ARE ENTITLED TO A WRIT OF MANDAMUS COMPELLING APPELLEE TO INITIATE APPROPRIATION PROCEEDINGS."
 {¶ 8} Assignment of Error No. 2:
 {¶ 9} "THE TRIAL COURT ERRED IN NOT GRANTING SUMMARY JUDGMENT TO APPELLANTS BECAUSE APPELLEE FAILED TO RAISE ANY ISSUES OF FACT THAT WOULD PRECLUDE SUMMARY JUDGMENT."
 {¶ 10} In their assignments of error, appellants argue appellee's public improvement constitutes an uncompensated taking of their property in violation of the Fifth Amendment to the United States Constitution. Appellants maintain that appellees' actions have substantially and unreasonably interfered with the circuity of travel within their property. We disagree.
 {¶ 11} Our review of the trial court's summary judgment decision is de novo. Grafton v. Ohio Edison Co.,77 Ohio St.3d 102, 105, 1996-Ohio-336. Civ.R. 56(C) provides that summary judgment is appropriate where "(1) [n]o genuine issue of material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Welco Industries, Inc. v. AppliedCompanies (1993), 67 Ohio St.3d 344, 346. Where a motion for summary judgment is properly made and supported under Civ.R. 56(C), the nonmoving party may not rest upon its pleadings, but instead must produce evidence showing a genuine issue of fact as to issues upon which it has the burden of proof. Dresher v.Burt, 75 Ohio St.3d 280, 287, 1996-Ohio-107.
 {¶ 12} Mandamus is available against a public officer or agency to require performance of an official act that the officer or agency has a clear legal duty to perform. State ex rel. ABXAir, Inc. v. Ringland, 150 Ohio App.3d 194, 197, 2002-Ohio-6271. To obtain issuance of a writ of mandamus, it must be shown that there is: (1) a clear legal right to the relief requested; (2) a clear legal duty on the part of the respondent to perform the official act requested; and (3) that the relator has no adequate remedy in the ordinary course of law. State ex rel. BoardwalkShopping Ctr., Inc. v. Court of Appeals for Cuyahoga Cty.
(1990), 56 Ohio St.3d 33, 34.
 {¶ 13} Both the United States and Ohio Constitutions guarantee that private property shall not be taken for public use without just compensation. Fifth and Fourteenth Amendments to the United States Constitution; Section 19, Article I, Ohio Constitution. To establish a taking, a landowner must demonstrate a substantial or unreasonable interference with a property right.State ex rel. Taylor v. Whitehead (1982), 70 Ohio St.2d 37, 39.
 {¶ 14} "An owner of property abutting on a public highway possesses, as a matter of law, not only the right to the use of the highway in common with other members of the public, but also a private right or easement for the purpose of ingress and egress to and from his property, which latter right may not be taken away or destroyed or substantially impaired without compensation therefor." State ex rel. Merritt v. Linzel (1955),163 Ohio St. 97, paragraph one of the syllabus. A property owner's easement of access to the abutting highway is located at any or all points located within his frontage on the highway until such easement is extinguished by proper legal process. In re Easement forHighway (1952), 93 Ohio App. 179, paragraph six of the syllabus.
 {¶ 15} However, the state may, in the lawful exercise of police power, regulate a property owner's easement of access without compensation so long as there is no denial of ingress and egress. See Windsor v. Lane Development Co. (1958),109 Ohio App. 131, 136. To regulate a property owner's easement of access, such regulation must be consistent with and promote the public safety, comfort, health, and welfare of the public. Id. at 138. The critical issue in cases involving the easement right of access is whether the action taken by the state amounts to a mere regulation to promote the public safety, comfort, health, and welfare or whether such action amounts to a substantial material, or unreasonable interference with the physical access to or from the property. Castrataro v. City of Lyndhurst (Aug. 27, 1992), Cuyahoga App. No. 60901.
 {¶ 16} Circuity of travel to and from real property is not compensable. Merritt, 163 Ohio St. at 102. However, circuity of travel created within the property owner's property is compensable where the burden is placed solely on the owner's property and not on the general public. City of Hilliard v.First Industrial, L.P. et al., 158 Ohio App.3d 792,2004-Ohio-5836 at ¶ 8, citing State ex rel. OTR v. Columbus,76 Ohio St.3d 203, 1996-Ohio-411; Castratoro, Cuyahoga App. No. 60901. Circuity of travel within one's own property occurs when one entrance or exit way is removed and another is not created.Hilliard, 158 Ohio App.3d at ¶ 8.
 {¶ 17} In this case, appellee's public improvement does not create internal circuity of travel, as it has not removed an entrance or exit without creating a new one. Rather, appellee has essentially reduced the size of the apron between appellants' parking lot and Cin-Day Rd. by constructing a curb and two 15-foot aprons to regulate the flow of traffic to and from appellants' property from the road.
 {¶ 18} Further, we find appellants' reliance on Castrataro
to be misplaced. In Castratoro, the city of Lyndhurst constructed a barrier that completely eliminated one of two separate means of access to the Castratoros' property. The Eighth Appellate District found the city's actions to be a compensable taking, as the city completely hindered the Castratoros' access to and from the road. Id. In this case, appellee has not completely eliminated appellants' access to and from Cin-Day Rd., as the new curb and smaller aprons still allow ingress and egress, and are designed merely to regulate the flow of traffic to and from appellants' property.
 {¶ 19} While this case is factually dissimilar fromCastratoro, the more important distinction is the relative impact on the property owner compared to the impact on the general public. In Castratoro, the court found that the burden was placed solely on the Castratoros' property, and not on the general public, because the city's project only affected those traveling to and from the Castratoros' property. In this case, while the curb and 15-foot aprons burden appellants' property, these are not the only aspects of appellee's project. According to the affidavit and deposition testimony of the Acting City Engineer, appellee's project to widen Cin-Day Rd. is much larger in scope, and burdens the general public and other owners of property along Cin-Day Rd. As the Ohio Supreme Court stated inMerritt, 163 Ohio St. at 102, "[m]ere circuity of travel, necessarily and newly created, to and from real property does not of itself result in legal impairment of the right of ingress and egress to and from such property, where any resulting interference is but an inconvenience shared in common with the general public and is necessary in the public interest to make travel safer and more efficient."
 {¶ 20} After a de novo review of the record, we find that no genuine issue of material fact remains to be litigated. Even construing the evidence in favor of appellants, appellee is entitled to judgment as a matter of law because appellants have failed to establish that they have a clear legal right to the mandamus action or that appellee has a clear legal duty to initiate appropriation proceedings. The trial court did not err in granting appellee's summary judgment motion and denying appellants' summary judgment motion. Appellants' first and second assignments of error are overruled.
 {¶ 21} Judgment affirmed.
Powell, P.J., and Walsh, J., concur.