OPINION
{¶ 1} Relator-appellant, Huck Thieken ("relator"), appeals from a summary judgment entered by the Franklin County Court of Common Pleas on February 13, 2006 in favor of respondent-appellee Ohio Department of Transportation ("ODOT") and Gordon Proctor, Director ("respondent").
 {¶ 2} Relator is the owner of commercial property located at the corner of State Route 7 ("S.R.") and S.R. 775 in Proctorville, Lawrence County, Ohio. The property is leased to John W. Clark Oil Company and operated as a Marathon gas station and convenience store. On May 29, 2002, in Lawrence County Common Pleas Court, respondent filed a complaint to appropriate .002 of an acre at the corner of S.R. 7 and S.R. 775 and for a temporary easement of .023 of an acre along S.R. 7, as part of a highway improvement project. Respondent planned to build new gutters, curbs and sidewalks along S.R. 7.[1] Relator's property abuts S.R. 7 for a distance of 135 feet. Prior to construction, 116 feet of that frontage was available to relator's customers as usable access to his gas station. After respondent completed the S.R. 7 project, relator's access was reduced to a single curb cut of only 30 feet in width. Relator's access along S.R. 775 was essentially unchanged.
 {¶ 3} Trial of the appropriation proceedings began in Lawrence County on August 18, 2003. Relator did not dispute the value of either the .002 taking or the .023 temporary easement. However, relator argued that the curbing constructed along S.R. 7 in front of relator's property, unreasonably and substantially interfered with access to his property and that the subsequent damage to the residue amounted to a compensable taking by respondent.
 {¶ 4} The court granted a directed verdict to respondent on the issue of compensation for the .002 and .023-acre appropriations and awarded relator $1,307 and $3,093 respectively as compensation. The trial court went on to hold that relator's claim for compensation for damage to the residue was an issue to be determined by a jury. Both sides presented expert witnesses on the question of whether the ODOT project had created a substantial and unreasonable interference with access to relator's property. The jury returned a verdict for relator in the amount of $117,000 for damage to the residue.
 {¶ 5} Respondent appealed the judgment of the Lawrence County Court of Common Pleas to the Fourth District Court of Appeals inProctor v. Thieken, Lawrence App. No. 03CA33, 2004-Ohio-7281. Respondent argued that the trial court exceeded its jurisdiction when it allowed the jury to consider relator's interference with access claim because the only issue before that court was the proper compensation for the .002-acre taking and the .023-acre temporary easement. The Fourth District agreed and held that, if relator believed respondent substantially and unreasonably interfered with his access, relator's remedy was to seek a writ of mandamus to compel respondent to bring appropriation proceedings and compensate him for that taking.
 {¶ 6} As a result, and pursuant to R.C. 5501.22, relator filed a mandamus action in the Franklin County Court of Common Pleas seeking an order that would require respondent to initiate appropriation proceedings and to compensate him for the substantial or unreasonable interference with access to his property. See State ex rel. Braman v. Masheter (1966),5 Ohio St.2d 197.[2]
 {¶ 7} After the issues were joined, both relator and respondent filed motions for summary judgment. Respondent argued that public authorities have the right to manage use of private property if it is in the best interest of the public to do so. In respondent's view, the reduction in access to relator's property was merely an inconvenience and not compensable as a taking.
 {¶ 8} The trial transcript from the earlier Lawrence County appropriation action supported relator's cross motion for summary judgment. The transcript contained conflicting testimony from expert witnesses on whether the reduction in access to relator's property was unreasonable or substantial and whether the highest and best use of the property had been destroyed by respondent's highway project. The trial court granted respondent's motion for summary judgment and denied relator's cross motion for summary judgment.
 {¶ 9} Thieken timely appealed and asserts two assignments of error:
I. The Trial Court Erred in Granting Summary Judgment to Respondent-Appellee — Gordon Proctor.
II. The Trial Court Erred in Not Granting Summary Judgment to Relator-Appellant — Huck Thieken.
We will consider both assignments of error together.
 {¶ 10} Appellate review of motions for summary judgment is de novo. The moving party bears the burden of proving that: (1) no genuine issues of material fact exist; (2) the moving party is entitled to summary judgment as a matter of law; and (3) reasonable minds can come to only one conclusion, which is adverse to the nonmoving party. Civ.R. 56. Where the evidence supports a motion for summary judgment, the nonmoving party must present specific facts beyond the pleadings to show that a genuine issue of material fact exists and therefore, the moving party is not entitled to judgment as a matter of law. Dresher v.Burt (1996), 75 Ohio St.3d 280.
 {¶ 11} Mandamus is the appropriate avenue for compelling a court to initiate appropriation proceedings and determine whether respondent, as a public authority, has effectuated a compensable taking of relator's access to his property. State ex rel. Levinv. City of Sheffield Lake (1994), 70 Ohio St.3d 104, 108. In order for this court to issue a writ of mandamus, relator must show that respondent has a legal duty to compensate him for interference with relator's access and that no other remedy is adequate in the ordinary course of the law. State ex rel.Citizens for Responsible Taxation v. Scioto Cty. Bd. OfElections (1993), 67 Ohio St.3d 134, 136.
 {¶ 12} The Fifth and Fourteenth Amendments to the Constitution of the United States and Article 1, Section 19 of the Ohio Constitution protect the rights of property ownership from public taking absent just compensation. The government may regulate access to private property in the interest of public safety and welfare. State ex rel. Merritt v. Linzell (1955),163 Ohio St. 97. However, access to abutting roadways is one of the rights of property ownership subject to protection and substantial impairment of that right amounts to a compensable taking. State ex rel. OTR v. Columbus (1996),76 Ohio St.3d 203. To successfully demonstrate that there has been a compensable taking, the property owner must show that the interference has rendered the restriction of access more than just inconvenient. Salvation Army v. Ohio Dept. of Transp.,
Franklin App. No. 04AP-1162, 2005-Ohio-2640. In general, as long as the property owner has not been denied ingress and egress, there is no compensable taking. State ex rel. Habash v.Middletown, Butler App. No. CA2005-04-094, 2005-Ohio-6688.
 {¶ 13} As noted, relator attached the trial transcript from the Lawrence County Court of Common Pleas in support of his motion for summary judgment below. The transcript included the testimony of relator's expert witness who was of the opinion that ODOT's S.R. 7 reconstruction project had unreasonably and substantially interfered with public access to relator's property. Additionally, both parties agreed that, prior to construction, the highest and best use of relator's property was as a gas station and convenience store. However, the expert witnesses disagreed on the highest and best use of the property following construction. Relator's expert witness was of the opinion that the restricted access had destroyed the highest and best use of the property. As a result, relator contends that it will be impossible to maintain the property as a gas station. Additionally, relator argued that other properties in the area were not as burdened by the changes to S.R. 7 and that it is essential to have two curb cuts along S.R. 7 to maintain the property as a gas station.
 {¶ 14} Relator's opposition to respondent's motion for summary judgment also relied upon evidence presented in the Lawrence County appropriation case. Testimony was presented that after respondent's highway project reduced his access on S.R. 7 from 116 feet to a single ingress-egress of only 30 feet in width, customers who drive large trucks are required to stop traffic on S.R. 7 and back out of relator's property onto the roadway, causing a safety hazard. This evidence tends to support relator's assertion that respondent's project caused a substantial and unreasonable limitation on access to relator's gas station.
 {¶ 15} Respondent maintains that the highest and best use of the property continues to be a gas station, as evidenced by the fact that the station is still operating. However, relator presented testimony that, after the limitation on access, relator's lessee has requested a reduction in rent and has considered terminating the lease because the ODOT project along S.R. 7 had severely impaired business.
 {¶ 16} Relying on Habash, respondent argues that relator has not been denied access to his property; only that the access has been regulated, which is a burden shared by the general public. We do not find Habash to be dispositive of this case. In Habash, two curb cuts were allowed along the frontage of the property and it was held that all other business owners suffered similar inconvenience. Here, respondent's project left a single, significantly reduced curb cut along the frontage of relator's property. Relator offered evidence that the road project reduced access to the extent that the property no longer can be maintained at its highest and best use and that other business property owners did not suffer the same degree of interference with their right of access.
 {¶ 17} It is apparent that conflicting evidence was offered by the parties on whether the ODOT project along S.R. 7 resulted in a substantial or unreasonable interference with relator's right of access to his property. Therefore, there is a genuine issue of material fact that cannot be resolved by summary judgment. Relator's first assignment of error is sustained. For the same reasons, we cannot say that relator was entitled to summary judgment. Therefore, relator's second assignment of error is overruled.
 {¶ 18} The judgment of the Franklin County Court of Common Pleas is reversed and this cause is remanded for further proceedings not inconsistent with this opinion.
Judgment reversed and cause remanded.
Bryant and French, JJ., concur.
[1] The purpose of the highway project along S.R. 7 through Proctorville was to construct gutters, curbs, and sidewalks to facilitate water drainage, give visual definition to the roadway, and increase the safety of S.R. 7.
[2] Actions against the director of transportation must be initiated in the Franklin County Court of Common Pleas, unless brought under R.C. 4957.30. R.C. 5501.22.