**STATE ex rel. THIEKEN, Appellee,**

v.

**PROCTOR, Dir., et al., Appellant.**

[Cite as *State ex rel. Thieken v. Proctor*, 180 Ohio App.3d 154, 2008-Ohio-6960.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 08AP–109.

Decided Dec. 31, 2008.

Stanley C. Bender, for appellee.

Nancy H. Rogers, Attorney General, and Gregory S. Severance and L. Martin Cordero, Assistant Attorneys General, for appellant.

KLATT, Judge.

{¶ 1} Respondent-appellant, Gordon Proctor, Director of the Ohio Department of Transportation ("ODOT"), appeals from a judgment of the Franklin County Court of Common Pleas in favor of relator-appellee, Huck Thieken. For the following reasons, we affirm.

{¶ 2} In 2001, ODOT initiated a project to improve the portion of State Route ("S.R.") 7 that runs through Proctorville, a village situated on the Ohio River in Lawrence County. Proctorville's business district is located on S.R. 7, now known as State Street.

{¶ 3} Huck Thieken owned a property on the northwest corner of the intersection of S.R. 7 (an east-west highway) and S.R. 775 (a north-south highway) in Proctorville. The southern boundary of Thieken's property abutted S.R. 7 for 135 feet, and the eastern boundary of the property abutted S.R. 775 for 130 feet. Another privately-owned property abutted Thieken's property to the west, and an alley ran along the north edge of the property.

{¶ 4} From 1996 to 2006, Thieken leased his property to John W. Clark Oil Co., Inc., which operated a Marathon gas station/convenience store on the property. The convenience store, located to the rear (north side) of the property, faced S.R. 7, and an attached canopy extended from the store entrance almost to S.R. 7. Under the canopy, two rows of four gas pumps stood parallel to S.R. 7. To the left (west) of the canopy were two diesel pumps and hatches used to access the underground storage tanks.

{¶ 5} Prior to ODOT's improvements, both S.R. 7 and S.R. 775 were on the same grade with Thieken's property. Thus, customers could pull into the gas station from virtually any point at which the property abutted S.R. 7 or S.R. 775. Access was restricted only by a public telephone and utility pole located on the

southeast corner of the property, a six-foot-long planter dividing S.R. 7 from the southernmost row of gas pumps, and the gas station sign at the southwestern corner of the property.

{¶ 6} ODOT's plans for improving S.R. 7 included the installation of a six-inch concrete curb along the majority of the southern boundary of Thieken's property. The curb would prevent customers from accessing Thieken's property from S.R. 7 except through a curb cut located on the southwest edge of the property. The curb cut consisted of a 42–foot apron, tapering to a 30–foot driveway.

{¶ 7} ODOT also intended to "round off" the corners of the intersection of S.R. 7 and S.R. 775. To implement this plan, it instituted a complaint against Thieken in the Lawrence County Court of Common Pleas, seeking an appropriation of .002 acres located at the southeast corner of Thieken's property and a temporary easement of .023 acres. The trial court held a jury trial to determine the compensation due to Thieken for the appropriation and easement. During the trial, the court allowed Thieken to introduce evidence to prove that the reduction of access caused by the curbing damaged the residue of his property. After receiving an instruction to award damages if it found a substantial or unreasonable interference with Thieken's right of access, the jury awarded Thieken $117,000 for damages to the residue of his property.

{¶ 8} ODOT appealed the judgment against it to the Fourth District Court of Appeals. While the case was on appeal, ODOT constructed curbs (including gutters) and sidewalks along the stretch of S.R. 7 abutting Thieken's property.

{¶ 9} In a decision issued December 17, 2004, the Fourth District held that in a partial takings case, a property owner could only recover compensation for damage to the residue caused by the state's taking. *Proctor v. Thieken,* Lawrence App. No. 03CA33, 2004-Ohio-7281, 2004 WL 3090252, ¶ 25. Thieken, however, sought recovery for loss of access, which was unrelated to the taking at issue (the .002–appropriation and .023–acre easement). To recover damages for his loss of access, Thieken had to establish the existence of a separate taking—a substantial or unreasonable interference with his right to access his property. The Fourth District concluded that the trial court lacked the jurisdiction to determine whether a taking of Thieken's right of access occurred because the court's jurisdiction extended only to setting the amount of compensation due for the taking at issue. Id. at ¶ 22, 27–28. Therefore, the Fourth District remanded the case to the trial court for it to vacate the jury's $117,000 damages award. Id. at ¶ 29–30.

{¶ 10} Undeterred, Thieken initiated a mandamus action in the Franklin County Court of Common Pleas on January 10, 2005. In his petition, Thieken alleged that ODOT's limitation of his access to S.R. 7 constituted a taking and that the Ohio Constitution entitled him to compensation for that taking. Thieken

sought a writ of mandamus compelling ODOT to initiate an appropriation action to compensate him for its interference with access to his property.

{¶ 11} Both Thieken and ODOT moved for summary judgment based on the evidentiary record developed in the Lawrence County Court of Common Pleas. The trial court granted ODOT summary judgment and denied Thieken summary judgment. Thieken appealed that judgment to this court. Finding that the parties presented conflicting evidence as to whether ODOT substantially or unreasonably interfered with Thieken's right of access, this court reversed the trial court's judgment and remanded the case to that court. *State ex rel. Thieken v. Proctor*, Franklin App. No. 06AP–171, 2006-Ohio-4596, 2006 WL 2567832, at ¶ 17.

{¶ 12} On remand, the trial court conducted a bench trial and issued judgment in favor of Thieken. ODOT now appeals from that judgment and assigns the following errors:

[1.]   The trial court erred by concluding as a matter of law that installation of curbing was a substantial or unreasonable interference with access.

[2.]   The trial court erred by permitting testimony of the affect that limitation of access had on the highest and best use, and value of abutting property.

[3.]   The trial court erred to the prejudice of the respondent-appellant ODOT by concluding as a matter of law that a change in highest and best use of abutting property forms the basis of a substantial and unreasonable interference with a property right of access.

{¶ 13} By ODOT's first assignment of error, it argues that the trial court improperly analyzed whether ODOT substantially or unreasonably interfered with Thieken's right of access to his property. We disagree.

{¶ 14} The Ohio Constitution prohibits the state from taking private property for public use without just compensation. Section 19, Article I, Ohio Constitution. A "taking" occurs when the state substantially or unreasonably interferes with a property right. *State ex rel. OTR v. Columbus* (1996), 76 Ohio St.3d 203, 206, 667 N.E.2d 8. One of the elemental rights of real-property ownership is the right of access to any public roadway abutting the property. Id. at syllabus; *State ex rel. Merritt v. Linzell* (1955), 163 Ohio St. 97, 56 O.O. 166, 126 N.E.2d 53, paragraph one of the syllabus ("An owner of property abutting on a public highway possesses, as a matter of law, * * * a private right or easement for the purpose of ingress and egress to and from his property * * *"); *Branahan v. Hotel Co.* (1883), 39 Ohio St. 333, 334 ("The owner of lots abutting upon a public street in a city or village has * * * a private property right in the nature of an incorporeal hereditament attached to his contiguous grounds" to access the street). Therefore, any governmental action that substantially or

unreasonably interferes with the right to access abutting roadways constitutes a taking within the meaning of Section 19, Article I of the Ohio Constitution. *OTR* at syllabus.

{¶ 15} When the state completely deprives a property owner of all access to an abutting roadway, the state has substantially or unreasonably interfered with the right of access. Id. at 209, 667 N.E.2d 8; *State ex rel. McKay v. Kauer* (1951), 156 Ohio St. 347, 46 O.O. 204, 102 N.E.2d 703; *State ex rel. Hilltop Basic Resources, Inc. v. Cincinnati,* 167 Ohio App.3d 798, 2006-Ohio-3348, 857 N.E.2d 612, ¶ 26. However, a taking can occur even if the state's interference does not amount to a total obstruction of access. Courts have also found a substantial or unreasonable interference with the right of access when the state blocks an existing access point so as to create circuity of travel within a property. *Hilliard v. First Indus., L.P.,* 158 Ohio App.3d 792, 2004-Ohio-5836, 822 N.E.2d 441, ¶ 8; *Castrataro v. Lyndhurst* (Aug. 27, 1992), Cuyahoga App. No. 60901, 1992 WL 209578. "Circuity of travel within one's own property occurs when one entrance or exit way is removed and another is not created." *First Indus., L.P.,* at ¶ 8. Thus, for example, when a property owner has two entrances from an abutting roadway, and the state blocks one of the entrances without supplying an additional entrance, circuity of travel within a property results. See *Castrataro.*

{¶ 16} In the case at bar, Thieken's property essentially had two wide entrances off S.R. 7 before ODOT installed curbing along that roadway. Customers could access the property either through the "eastern entrance," i.e., at any point between the corner of S.R. 7 and S.R. 775 and the six-foot-long planter, or the "western entrance," i.e., at any point between the planter and the gas station sign at the western corner of Thieken's property. By installing a curb along Thieken's property boundary, ODOT completely blocked the eastern entrance and limited the western entrance to a 42–foot curb cut, tapering to a 30–foot driveway.

{¶ 17} While installation of the curb indisputably restricted access to Thieken's property, evidence of the extent of the curb, alone, does not establish circuity of travel within Thieken's property. Thieken could also access his property from S.R. 775 or the alley north of his property. Arguably, these alternative access points could have alleviated any circuity of travel within Thieken's property. See, e.g., *Steubenville v. Schmidt,* Jefferson App. No. 01 JE 13, 2002-Ohio-6894, 2002 WL 31812740, ¶ 25 (holding that even if the movement of a stop light eliminated one route of access, the existence of an alternative route of access prevented the development of circuity of travel within the property).

{¶ 18} Thieken, however, presented the testimony of John W. Clark to establish that circuity of travel within his property did, in fact, exist. Clark, the president of the company that operated the Marathon gas station/convenience

store on Thieken's property, testified that after ODOT installed the curb, tanker trucks had to resort to either backing into or out of the property. These larger vehicles needed to enter and exit through the 30–foot driveway off S.R. 7 to reach the hatches to the underground storage tanks on the western side of the property. The curbing limited the tanker trucks' ability to access and leave the property to the point that circuity of travel within the property resulted.

{¶ 19} The trial court found that ODOT substantially and unreasonably interfered with Thieken's right of access because the installation of the curbs created circuity of travel within Thieken's property. Judgments supported by competent, credible evidence going to all the material elements of the case must not be reversed as being against the manifest weight of the evidence. *C.E. Morris Co. v. Foley Constr. Co.* (1978), 54 Ohio St.2d 279, 8 O.O.3d 261, 376 N.E.2d 578, syllabus. "A reviewing court should not reverse a decision simply because it holds a different opinion concerning the credibility of the witnesses and evidence submitted before the trial court." *Seasons Coal Co. v. Cleveland* (1984), 10 Ohio St.3d 77, 81, 10 OBR 408, 461 N.E.2d 1273. If the evidence is susceptible to more than one interpretation, we must construe it consistently with the trial court's judgment. *Cent. Motors Corp. v. Pepper Pike* (1995), 73 Ohio St.3d 581, 584, 653 N.E.2d 639. Here, Clark's testimony provides the competent, credible evidence necessary to support the trial court's conclusion that ODOT substantially or unreasonably interfered with Thieken's right of access.

{¶ 20} ODOT, however, argues that installing a curb along Thieken's property did not constitute a taking because the curbing was an inconvenience shared in common with the general public. ODOT points out that a number of businesses operate along S.R. 7, and the curbing project affected each business. We are not persuaded. The curbing created circuity of travel within Thieken's property. As both *First Indus., L.P.* and *Castrataro* held, the creation of circuity of travel within a property burdens only that property, not the general public. *First Indus., L.P.*, at ¶ 8; *Castrataro*.

{¶ 21} In sum, we conclude that the trial court properly determined that ODOT substantially or unreasonably interfered with Thieken's right of access when it created circuity of travel within Thieken's property. Accordingly, we overrule ODOT's first assignment of error.

{¶ 22} Because they are interrelated, we will address ODOT's second and third assignments of error together. By these assignments of error, ODOT argues that the trial court erred in allowing testimony about the highest and best use of Thieken's property and in relying upon that testimony to reach its decision. Although the trial court found that ODOT destroyed the highest and best use of Thieken's property, we do not conclude, as ODOT claims, that the trial court's decision "hinged" upon that finding. Rather, we conclude that the trial court

decided that ODOT substantially or unreasonably interfered with Thieken's right of access for two reasons: (1) ODOT created circuity of travel within Thieken's property and (2) a change in the highest and best use of the property. As we have concluded that the trial court's first reason is both legally correct and supported by the evidence, we need not address any alleged error underlying the second reason. Accordingly, we conclude that ODOT's second and third assignments of error are moot.

{¶ 23} For the foregoing reasons, we overrule ODOT's first assignment of error, and we find that ODOT's second and third assignments of error are moot. Therefore, we affirm the judgment of the Franklin County Court of Common Pleas.

Judgment affirmed.

FRENCH and TYACK, JJ., concur.